**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**-----------------------------------------------------------------X**

**BASIL CYRUS,**

**Plaintiff,**

**-against-**

**METROPOLITAN TRANSIT AUTHORITY, LONG ISLAND RAILROAD a/k/a MTA LONG ISLAND RAILROAD, DONALD FEDERLINE, PO SMITH, PO LOMONACO, PO AIKEN, SERGEANT FOY, MTA POLICE OFFICERS JOHN AND JANE DOES 1-5, all sued herein in their individual and official capacities,**

**Defendants.**

**-----------------------------------------------------------------X**

**Docket No. 23-cv-00171 (AMD)(SJB)**

**ANSWER TO COMPLAINT**

**S I R S :**

Defendants, METROPOLITAN TRANSIT AUTHORITY, LONG ISLAND RAILROAD a/k/a MTA LONG ISLAND RAILROAD, DONALD FEDERLINE, PO SMITH, PO LOMONACO, PO AIKEN, SERGEANT FOY and MTA POLICE OFFICERS JOHN AND JANE DOES 1-5, in their individual and official capacities, by their attorneys, BEE READY FISHBEIN HATTER & DONOVAN, LLP, as and for their Answer to Plaintiff's Complaint, set forth as follows:

**PRELIMINARY STATEMENT**

1. Denies each and every allegation contained in Paragraph 1 of the Complaint.

2. Denies each and every allegation contained in Paragraph 2 of the Complaint.

3. Denies each and every allegation contained in Paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4. No allegation is contained in Paragraph 4 of the Complaint; therefore no response

is required.

5. Denies each and every allegation contained in Paragraph 5 of the Complaint.

6. No allegation is contained in Paragraph 6 of the Complaint; therefore no response is required.

**PARTIES**

7. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 7 of the Complaint.

8. Agrees to each and every allegation contained in Paragraph 8 of the Complaint.

9. Agrees to each and every allegation contained in Paragraph 9 of the Complaint.

10. Denies each and every allegation contained in Paragraph 10 of the Complaint.

11. Agrees to each and every allegation contained in Paragraph 11 of the Complaint.

12. Agrees to each and every allegation contained in Paragraph 12 of the Complaint.

13. Agrees to each and every allegation contained in Paragraph 13 of the Complaint.

14. Agrees to each and every allegation contained in Paragraph 14 of the Complaint.

15. Denies each and every allegation contained in Paragraph 15 of the Complaint.

16. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 16 of the Complaint.

17. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 17 of the Complaint.

18. Denies each and every allegation contained in Paragraph 18 of the Complaint.

**FACTUAL ALLEGATIONS**

19. Denies any knowledge or information sufficient to form a belief as to each and

every allegation contained in Paragraph 19 of the Complaint.

20. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 20 of the Complaint.

21. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 21 of the Complaint.

22. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 22 of the Complaint.

23. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 23 of the Complaint.

24. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 24 of the Complaint.

25. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 25 of the Complaint.

26. Denies each and every allegation contained in Paragraph 26 of the Complaint.

27. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 27 of the Complaint.

28. Denies each and every allegation contained in Paragraph 28 of the Complaint.

29. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 29 of the Complaint.

30. Denies each and every allegation contained in Paragraph 30 of the Complaint.

31. Denies each and every allegation contained in Paragraph 31 of the Complaint.

32. Denies each and every allegation contained in Paragraph 32 of the Complaint.

33. Denies each and every allegation contained in Paragraph 33 of the Complaint.

34. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 34 of the Complaint.

35. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 35 of the Complaint.

36. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 36 of the Complaint.

37. Denies each and every allegation contained in Paragraph 37 of the Complaint.

38. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 38 of the Complaint.

39. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 39 of the Complaint.

40. Denies each and every allegation contained in Paragraph 40 of the Complaint.

41. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 41 of the Complaint.

42. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 42 of the Complaint.

43. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 43 of the Complaint.

44. Denies each and every allegation contained in Paragraph 44 of the Complaint.

45. Denies each and every allegation contained in Paragraph 45 of the Complaint.

46. Denies each and every allegation contained in Paragraph 46 of the Complaint.

47. Denies each and every allegation contained in Paragraph 47 of the Complaint.

48. Denies each and every allegation contained in Paragraph 48 of the Complaint.

49. Denies each and every allegation contained in Paragraph 49 of the Complaint.

50. Denies each and every allegation contained in Paragraph 50 of the Complaint.

51. Denies each and every allegation contained in Paragraph 51 of the Complaint.

52. Denies each and every allegation contained in Paragraph 52 of the Complaint.

53. Denies each and every allegation contained in Paragraph 53 of the Complaint.

54. Denies each and every allegation contained in Paragraph 54 of the Complaint.

55. Denies each and every allegation contained in Paragraph 55 of the Complaint.

56. Denies each and every allegation contained in Paragraph 56 of the Complaint.

57. Denies each and every allegation contained in Paragraph 57 of the Complaint.

58. Denies each and every allegation contained in Paragraph 58 of the Complaint.

59. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 59 of the Complaint.

60. Denies each and every allegation contained in Paragraph 60 of the Complaint.

61. Denies each and every allegation contained in Paragraph 61 of the Complaint.

62. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 62 of the Complaint.

63. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 63 of the Complaint.

64. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 64 of the Complaint.

65. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 65 of the Complaint.

66. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 66 of the Complaint.

67. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 67 of the Complaint.

68. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 68 of the Complaint.

69. Denies each and every allegation contained in Paragraph 69 of the Complaint.

**FIRST COUNT**
**42 U.S.C. §1983 - FOURTH, FIFTH and FOURTEENTH AMENDMENTS FALSE ARREST, FALSE IMPRISONMENT, UNLAWFUL SEIZURE, UNLAWFUL DETENTION, EXCESSIVE FORCE, ABUSE OF PROCESS**

70. Answering Paragraph 70 of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

71. Denies each and every allegation contained in Paragraph 71 of the Complaint.

72. Denies each and every allegation contained in Paragraph 72 of the Complaint.

73. Denies each and every allegation contained in Paragraph 73 of the Complaint.

74. Denies each and every allegation contained in Paragraph 74 of the Complaint.

75. Denies each and every allegation contained in Paragraph 75 of the Complaint.

76. Denies each and every allegation contained in Paragraph 76 of the Complaint.

77. Denies each and every allegation contained in Paragraph 77 of the Complaint.

78. Denies each and every allegation contained in Paragraph 78 of the Complaint.

79. Denies each and every allegation contained in Paragraph 79 of the Complaint.

80. Denies each and every allegation contained in Paragraph 80 of the Complaint.

81. Denies each and every allegation contained in Paragraph 81 of the Complaint.

82. Denies each and every allegation contained in Paragraph 82 of the Complaint.

83. Denies each and every allegation contained in Paragraph 83 of the Complaint.

**SECOND COUNT**
**DISCRIMINATION UNDER NYS §40-C AGAINST DEFENDANTS**

84. Answering Paragraph 84 of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

85. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 85 of the Complaint.

86. No allegation is contained in Paragraph 86 of the Complaint; therefore no response is required.

87. Denies each and every allegation contained in Paragraph 87 of the Complaint.

88. Denies each and every allegation contained in Paragraph 88 of the Complaint.

89. Denies each and every allegation contained in Paragraph 89 of the Complaint.

90. Denies each and every allegation contained in Paragraph 90 of the Complaint.

91. Denies each and every allegation contained in Paragraph 91 of the Complaint.

92. Denies each and every allegation contained in Paragraph 92 of the Complaint.

93. Denies each and every allegation contained in Paragraph 93 of the Complaint.

94. Denies each and every allegation contained in Paragraph 94 of the Complaint.

95. Denies each and every allegation contained in Paragraph 95 of the Complaint.

96. Denies each and every allegation contained in Paragraph 96 of the Complaint.

97. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 97 of the Complaint, and respectfully refer all question of law to the within Court for ultimate determination.

98. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 98 of the Complaint, and respectfully refer all question of law to the within Court for ultimate determination.

99. Denies each and every allegation contained in Paragraph 99 of the Complaint.

## THIRD COUNT
## FALSE IMPRISONMENT AS AGAINST DEFENDANT MTA AND MTA OFFICERS UNDER NEW YORK STATE LAW

100. Answering Paragraph 100 of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

101. Denies each and every allegation contained in Paragraph 101 of the Complaint.

102. Denies each and every allegation contained in Paragraph 102 of the Complaint.

103. Denies each and every allegation contained in Paragraph 103 of the Complaint.

104. Denies each and every allegation contained in Paragraph 104 of the Complaint.

105. Denies each and every allegation contained in Paragraph 105 of the Complaint.

106. Denies each and every allegation contained in Paragraph 106 of the Complaint.

## FOURTH COUNT
## FALSE ARREST AS AGAINST DEFENDANT MTA AND MTA OFFICERS UNDER NEW YORK STATE LAW

107. Answering Paragraph 107 of the Complaint, these answering Defendants repeat

each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

108. Denies each and every allegation contained in Paragraph 108 of the Complaint.

109. Denies each and every allegation contained in Paragraph 109 of the Complaint.

110. Denies each and every allegation contained in Paragraph 110 of the Complaint.

111. Denies each and every allegation contained in Paragraph 111 of the Complaint.

**FIFTH COUNT**
**ASSAULT UNDER PENDENT JURISDICTION**
**UNDER NEW YORK STATE LAW**

112. Answering Paragraph 112 of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

113. Denies each and every allegation contained in Paragraph 113 of the Complaint.

114. Denies each and every allegation contained in Paragraph 114 of the Complaint.

115. Denies each and every allegation contained in Paragraph 115 of the Complaint.

116. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 116 of the Complaint.

117. Denies each and every allegation contained in Paragraph 117 of the Complaint.

118. Denies each and every allegation contained in Paragraph 118 of the Complaint.

119. Denies each and every allegation contained in Paragraph 119 of the Complaint.

**SIXTH COUNT**
**NEGLIGENCE**
**UNDER NEW YORK STATE LAW**

120. Answering Paragraph 120 of the Complaint, these answering Defendants repeat

each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

121. Denies each and every allegation contained in Paragraph 121 of the Complaint.

122. Denies each and every allegation contained in Paragraph 122 of the Complaint.

123. Denies each and every allegation contained in Paragraph 123 of the Complaint.

124. Denies each and every allegation contained in Paragraph 124 of the Complaint.

125. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph 125 of the Complaint, and respectfully refer all question of law to the within Court for ultimate determination.

126. Denies each and every allegation contained in Paragraph 126 of the Complaint.

127. Denies each and every allegation contained in Paragraph 127 of the Complaint.

128. Denies each and every allegation contained in Paragraph 128 of the Complaint.

129. Denies each and every allegation contained in Paragraph 129 of the Complaint.

130. Denies each and every allegation contained in Paragraph 130 of the Complaint.

131. Denies each and every allegation contained in Paragraph 131 of the Complaint.

132. Denies each and every allegation contained in Paragraph 132 of the Complaint.

133. Denies each and every allegation contained in Paragraph 133 of the Complaint.

## SEVENTH COUNT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER NEW YORK STATE LAW

134. Answering Paragraph 134 of the Complaint, these answering Defendants repeat each and every admission or denial of the allegations contained in the foregoing paragraphs referred to therein, with the same force and effect as though fully set forth herein.

135. Denies each and every allegation contained in Paragraph 135 of the Complaint.

136. Denies each and every allegation contained in Paragraph 136 of the Complaint.

137. Denies each and every allegation contained in Paragraph 137 of the Complaint.

138. Denies each and every allegation contained in Paragraph 138 of the Complaint.

139. Denies each and every allegation contained in Paragraph 139 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

140. Whatever injuries and/or damages Plaintiff may have sustained at the time and place alleged in the Complaint, were caused in whole or in part or were contributed to by the it culpable conduct and negligence and/or fault and/or want of care and/or intentional conduct on the part of the Plaintiff, including contributory negligence, and without any negligence or fault or want of care on the part of these answering Defendants and that the amount of damages which may be recovered by the Plaintiff shall be diminished in proportion to which his culpable conduct caused said damages.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

141. Defendant MTA is not subject to an award of exemplary or punitive damages.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

142. Defendants acted in good faith and with probable cause and justification in the detention, and imprisonment of the Plaintiff and therefore no claim lies against them in the conduct of their duties.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

143. That Defendants enjoy a qualified immunity with respect to those acts that are performed pursuant to their duties and responsibilities as police officers in the State of New York.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

144. Pursuant to the laws of the State of New York, including the Criminal Procedure Law of the State of New York, §140.05 et. seq., MTA police officers acted reasonably, properly and under the law in the alleged stop and detention of the Plaintiff.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

145. That the actions of the MTA police officers were justified; and that the use of any force, which is denied by the Defendants, was justified, necessary and reasonable under the law of the State of New York and the circumstances of the arrest and detention.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

146. That the detention of the Plaintiff was justified under the Penal Law and Criminal Procedure Law of the State of New York in that the arresting officer had reasonable probable cause for believing that crimes had been committed and that the Plaintiff had committed said crimes.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

147. Under the Court's supplemental jurisdiction pursuant to the law of the State of New York, Plaintiff has failed to state a claim for deprivation of federal rights, malicious prosecution, abuse of process, and excessive force, in whole or in part, upon which relief may be granted.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

148. That the MTA is not liable for any alleged violations of the Plaintiff's Federal Constitutional rights for the alleged actions of its employees were not the custom, practice, police or procedure of the MTA, and as such the MTA is entitled to dismissal of the Plaintiff's Complaint pursuant to the authority of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).

**AS AND FOR AN TENTH AFFIRMATIVE DEFENSE**

149. That these answering Defendants acting under the scope, authority and protection of the General Business Law, Article 12(b), Section 218, and that by reason thereof, the Plaintiff may not maintain this action.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

150. Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the Plaintiff for medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in section 4545(c) of the CPLR.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

151. If any damages are recoverable against the answering Defendants, the amount of such damages shall be diminished by the amount of the funds which Plaintiff has received or shall receive from such collateral source.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

152. Any injuries suffered by Plaintiff were not caused by a negligent or wrongful act or omission of Defendants or any individual acting under their direction or control.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

153. Plaintiff's Complaint must be dismissed, in whole or in part, for failure to state a cause of action upon which relief may be granted.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

154. Plaintiff’s claims must be dismissed because they are barred by the applicable Statute of Limitations.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

155. Plaintiff's claims against all Defendants are frivolous.

**AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE**

156. Plaintiff's 42 U.S.C. § 1983 claims fail to state a cause of action and are frivolous.

**AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE**

157. At all times, an objective officer of reasonable competence would have had probable cause to believe a crime had been committed or that he was otherwise justified in searching and detaining Plaintiff.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

158. If Defendants are held liable in this action, then any possible damages award should be apportioned so that Defendants are not responsible for the wrongdoing of the non-parties that Plaintiff has failed to include in this action.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

159. Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

160. Upon information and belief, in the event Plaintiff recovers at time of trial against Defendants, such recovery for non-economic loss shall not exceed Defendants' equitable share determined in accordance with the relative culpability of each person, party and/or entity, which caused or contributed to the total liability for non-economic loss; provided that the liability of the Defendants are found to be fifty percent or less of the total liability of all persons, parties and/or entitles liable.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

161. Upon information and belief, that the injury or injuries, if any, sustained by the Plaintiff at the time and place, or on the occasion referred to in the Plaintiff's Complaint, were sustained or so suffered or caused, in whole or in part, by the negligent act or acts and/or assumption of risk of the Plaintiff, and the damages recoverable by Plaintiff, if any, shall be diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused the damages.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

162. Upon information and belief, these answering Defendants are free from any negligence and in no way contributed to the occurrence and injuries referred to in the Plaintiff's Complaint.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

163. That answering Defendants are entitled to qualified immunity as to any actions alleged since their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware based upon an objective reasonable assessment of the conduct measured in reference to clearly established law.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

164. That the Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

165. Upon information and belief, this Court lacks jurisdiction over the subject matter of this cause of action.

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

166. That the answering Defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

167. That the answering Defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

**AS AND FOR A TWENTH-NINTH AFFIRMATIVE DEFENSE**

168. That the answering Defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

BLANK

**AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE**

169. That in performing such duties and responsibilities, the answering Defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

WHEREFORE, Defendants, METROPOLITAN TRANSIT AUTHORITY, LONG ISLAND RAILROAD a/k/a MTA LONG ISLAND RAILROAD, DONALD FEDERLINE, PO SMITH, PO LOMONACO, PO AIKEN, SERGEANT FOY and MTA POLICE OFFICERS JOHN AND JANE DOES 1-5, demand judgment dismissing the Complaint against it, together with costs and disbursements, and for such other relief as the Court may deem just and proper.

Dated: Mineola, New York
March 22, 2023

Yours, etc.

**BEE READY FISHBEIN HATTER & DONOVAN, LLP**

By: /s/
Andrew K. Preston
*Attorneys for Defendants*
170 Old Country Road, Suite 200
Mineola, New York 11501
apreston@beereadylaw.com
(516) 746-5599
Fax No.: (516) 746-1045
File No.: 6178-2201

TO: FREDERICK K. BREWINGTON, ESQ.
THE LAW OFFICES OF FREDERICK K. BREWINGTON, ESQ.
*Attorney for Plaintiff*
556 Peninsula Boulevard
Hempstead, New York 11550